IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE BROWN, | : |
| Claimant, | : |
| v. | : CASE NO. 5:10-CV-49- MTT |
| | : Social Security Appeal |
| MICHAEL ASTRUE, | : |
| Commissioner of Social Security, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's applications for a period of disability, disability benefits and supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act is a

narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.**  Whether the ALJ improperly evaluated the Claimant's limitations as ordered by the Appeals Council on remand.

**II.**  Whether the ALJ erred in failing to properly consider Claimant's obesity in determining his residual functional capacity.

### Administrative Proceedings

Claimant filed for a period of disability, disability benefits and Supplemental Security Income benefits on October 30, 1999. (Tr. 92, ECF No. 7.) That claim was denied after a

hearing on October 25, 2001. (Tr. 526-34.) Claimant filed a second application for the same benefits on November 9, 2001. (34-35, 92.) His applications were denied initially and upon reconsideration. (Tr. 39-41, 44-47.) Following a hearing, the ALJ entered an unfavorable ruling on March 12, 2004. (Tr. 501-10), but the Appeals Council subsequently remanded the Claimant's case to the ALJ. (Tr. 63-65.)

Following a second administrative hearing, the ALJ again denied Claimant's applications, finding that he was not disabled on November 11, 2006. (Tr. 20-32.) The Appeals Council thereafter denied Claimant's request for review. (Tr. 12-14.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since October 26, 2001.[2] (Tr. 21.) The ALJ concluded that Claimant's impairments —nor any combination of his impairments—did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ next found that Claimant had the residual functional capacity ("RFC") to perform a range of light work. (Tr. 31.) The ALJ then determined that Claimant could not perform his past relevant work. (Tr. 31.) Considering the Claimant's age, education, work experience, and RFC, as well as the testimony of a vocational expert, the ALJ found that jobs existed in significant numbers in the national economy that

---

[2]The ALJ determined that there was no basis for re-opening the previous application, and thus only considered Claimant's disability after October 26, 2001, the day following the Appeals Council's denial of review of the prior application.

Claimant could perform. (*Id.*) Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (*Id.*)

## DISCUSSION

**I. Whether the ALJ improperly evaluated the Claimant's limitations as ordered by the Appeals Council on remand.**

Claimant first argues that the ALJ failed to follow the directives of the remand order from the Appeals council. (Pl.'s Memo. 23.) Specifically, Claimant contends that the ALJ committed reversible error by failing to: properly evaluate the opinion of Dr. Mehta, one of Claimant's treating physicians as to Claimant's sleep apnea; properly assess Claimant's mental limitations; properly evaluate his subjective allegations of pain; and properly evaluate the opinion of Dr. Bush, one of the examining consultants. (*Id.*)

The Regulations state that "the administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). In this case, the record reveals that the Appeals Council, in its order of remand, specifically stated:

> The hearing decision does not contain a complete evaluation of the treating and examining source opinions in Exhibits 2F, page 2; 17F, page 4; and 12F. Following an examination in February 2000, the claimant's treating source opined that the claimant was not safe to work while under the condition of hypersomnia (Exhibit 2F, page 2), but the decision does not address this opinion. On May 10, 2000, a consultative examiner opined that the claimant would have difficulty with prolonged standing and walking, and would not have difficulty with lifting (Exhibit 17F, page 4), but the decision does not address this opinion. A state agency medical consultant who reviewed the evidence of record concluded that the claimant has a severe mental impairment (Exhibit 12). The ALJ gave this opinion little weight, commenting that does not include any mental health treatment, and the basis for (the State agency) opinion is unknown

5

> (decision, page 7, 3rd paragraph). However, a review of the record reveals that there are VA medical records in Exhibit 9F, page 24, and in Exhibit 28F, indicating that the claimant was being treated for a depressive disorder with psychotropic medications. **The ALJ needs to give further consideration to these opinions and conclusions.**

(Tr. 64) (emphasis added). A review of the ALJ's decision shows that he did, indeed, discuss Claimant's mental impairment, with particular reference to Exhibits 9F,12F, 28F. (Tr. 26, 27.) However, the decision of the ALJ is completely devoid of any reference to the other exhibits noted by the Appeals Council. Specifically, Dr. Mehta's opinion regarding the Claimant's sleep apnea and Dr. Bush's opinion of his ability to stand, walk and lift in Exhibits 2F and 17F, respectively, were not discussed, or even noted by the ALJ as ordered by the Appeals Council.

In response, the Commissioner correctly points out that the opinion of Dr. Mehta is one that is reserved for the Commissioner. (Memo. In Supp. Of Comm'r's Decision, 5, ECF No. 11.) The Regulations state that an ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. § 416.927(e)(1), (2)& (3); SSR 96-5p. However, Dr. Mehta's opinion stated that "Pt. is still not safe to work under the condition of hypersomnia." (Tr. 163.) Dr. Mehta did not state that Claimant was disabled, but merely that it would be unsafe for him to work due to his sleep issues. Furthermore, although the ALJ did discuss the opinions of the other consultative

examiners, he failed to discuss, or even note, Dr. Bush's findings in his decision as he was specifically ordered by the Appeals Council to do.

Because it is found that the ALJ erred in failing to address particular portions of the medical record as found above, it is unclear whether the Commissioner's finding that Claimant is not disabled is supported by substantial evidence. It is, therefore, recommended that this case be remanded to the Commissioner for a more detailed finding by the ALJ as to the August 10, 2004, remand order of the Appeals Council. The ALJ should specifically address *each* of the errors listed in the remand order.

The Court will refrain from addressing the remaining issues raised by Claimant in his Brief. However, upon remand, the ALJ should consider those issues and incorporate them into his findings.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the Commissioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 21st day of January, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE