# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| George BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-49 (MTT) |
| | ) |
| Michael J. ASTRUE, *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Claimant's Motion for Attorney's Fees. (Doc. 16). The Claimant originally sought $177.67/hr for 21.6 hours of work by Ms. Perrie Naides and $177.67/hr for 6.95 hours of work by Mr. Charles Martin totaling $5,072.48. The Claimant requested that "if the United States Department of the Treasury determines that Plaintiff owes a federal debt, that debt shall be satisfied prior to payment of any remaining fees to Plaintiff's counsel." (Doc. 16-1, at 4). The Commissioner responded that the Claimant only is entitled to a rate of $175.06/hr. The Commissioner also argued that pursuant to *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521 (2010) and the Anti-Assignment Act, attorney's fees must be awarded directly to the Claimant. The Commissioner requested that the Court direct that any attorney's fees be payable directly to the Claimant. The Claimant did not file a reply.

### A. Amount of Attorney's Fees

Pursuant to the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort) … brought by or against

the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." *Id.*

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the claimant's counsel sought attorney's fees pursuant to the EAJA for 57.8 hours at $125/hr, 13 hours at $125/hr, and 31 hours at $95/hr. The Government opposed any hourly rate greater than the then-statutory cap of $75/hr.[1] The district court granted the claimant $75/hr without applying the cost-of-living escalator and the claimant appealed.

The Eleventh Circuit interpreted § 2412(d)(2)(A) as establishing a two-part analysis for determining the appropriate hourly rate.

> The first step in the analysis … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (internal quotations omitted).

The Eleventh Circuit stated that "Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA awards from inflation" and that "this expectation will not be realized … if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees." *Id.* at 1034. Although the Supreme Court has implied that the cost-of-living escalator is "next to

---

[1] The statutory cap was raised to $125/hr in 1996.

automatic," the Eleventh Circuit did not accept that interpretation as part of its holding because "[a]lthough it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation, such a situation theoretically could exist…." *Id.* at 1034-35. Rather than deem the adjustment automatic, the Eleventh Circuit requires courts determining attorney's fees to "'articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" *Id.* at 1035 (quoting *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)). Because the district court did not explain its decision not to apply the cost-of-living escalator, the Eleventh Circuit remanded for reconsideration of the proper fee award.

Here, for the first step, the Court must determine the prevailing market rate. The Court recently held in *Eaton v. Astrue*, 5:09-CV-383 (MTT) (Doc. 21), that the market rate for Mr. Martin was at least $180/hr and exceeded the current statutory rate with inflation. Although prior awards are not given "controlling weight," "there is some inferential evidentiary value to the prior award…." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000). The Court still believes that the market rate for Mr. Martin's services exceeds the current statutory rate with inflation. Here, some of the work was performed Ms. Naides, who did not represent the claimant in *Eaton*. Given Ms. Naides' experience, the Court determines that the market rate for Ms. Naides' services also exceeds the current statutory rate with inflation. Because the market rate for Mr. Martin and Ms. Naides is greater than $125/hr, the Court must proceed to the second step.

Turning to *Meyer*'s second step, the Court cannot find a reason to decline to apply the cost-of-living escalator. Judge Clay Land recently clarified how to calculate the amount of inflation in *Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. 2011). In *Hartage*, Judge Land held that the reasonable attorney's fees must reflect the year in which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'" *Id*. at *2 (quoting *Perdue v. Kenny A. ex rel. Winn*, __ U.S. __, 130 S. Ct. 1662, 1675 (2010)). Judge Land did not find that the case was unusual and did not apply the enhancement. Thus, Judge Land calculated attorney's fees based upon the annual average Consumer Price Index for 2009 and 2010. Judge Land applied the February 2011 CPI for work performed that month.

Consistent with *Hartage*, the Court finds that the Claimant's counsel worked 27.1 hours in 2010 at a rate of $175.06/hr, .3 hours in January 2011 at a rate of $176.80/hr, .15 hours in February 2011 at a rate of $177.67/hr, and 1 hour in April 2011 at a rate of $180.56/hr. The Claimant did not ask for an enhancement and the Court does not find that this is an unusual case where an enhancement should be granted. Accordingly, the Court finds that the Claimant is entitled to $5,004.38 in attorney's fees.[2]

### B. Assignment of Attorney's Fees

The Supreme Court recently held that EAJA fees are payable to the litigant

---

[2]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2010 | $175.06 | 27.10 | $4,744.13 |
| Jan-11 | $176.80 | 0.30 | $53.04 |
| Feb-11 | $177.67 | 0.15 | $26.65 |
| Apr-11 | $180.56 | 1.00 | $180.56 |
| | | | **$5,004.38** |

and thus subject to a government offset to satisfy a preexisting debt that the litigant owes to the United States. *Ratliff*, __ U.S. at __, 130 S. Ct. at 2524. The Supreme Court implicitly approved the Commissioner's direct payment to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Ratliff*, __ U.S. at __, 130 S. Ct. at 2529 (citation omitted). However, the Commissioner argues that these fees may not be assigned because they violate the Anti-Assignment Act. Pursuant to 31 U.S.C. § 3727(b), "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." Here, the assignment is invalid because it was made before this Order determining the amount of the claim. Accordingly, the attorney's fees shall be payable directly to the Claimant.

## CONCLUSION

For the foregoing reasons, the Motion for Attorney's Fees is **GRANTED**. The Claimant shall receive $5,004.38 in attorney's fees and these fees shall be payable directly to the Claimant.

**SO ORDERED**, this the 2nd day of August, 2011.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT