**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **GEORGE BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:10-CV-49 (MTT)** |
| ) | |
| **CAROLYN W. COLVIN,** *Commissioner* ) | |
| *of Social Security*, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This matter is before the Court on the Plaintiff's[1] motion for attorneys' fees

pursuant to 42 U.S.C. § 406(b).  (Doc. 20).  For the following reasons, the motion is

**GRANTED**.

### I.   BACKGROUND

On February 18, 2011, the Court adopted the Recommendation of Magistrate

Judge Stephen Hyles to remand the Plaintiff's claim for Social Security disability

benefits to the Commissioner for further consideration.  (Docs. 13, 14).  The Court

subsequently awarded the Plaintiff $5,004.38 in attorneys' fees pursuant to the Equal

Access to Justice Act ("EAJA").  (Doc. 18).  On remand, the Plaintiff was awarded past-

due benefits of approximately $123,845.92,[2] of which 25% is $30,961.48.  The Plaintiff

requests a fee of $13,942.73 pursuant to 42 U.S.C. § 406(b), which is $30,961.48 minus

---

[1] Though the Plaintiff's counsel is the real party in interest, the Court uses "Plaintiff" for the sake of simplicity.

[2] The letter from the Social Security Administration does not give the amount of past-due benefits, but states $30,961.48 was withheld in case the representative was entitled to payment, and explains it is customary to withhold 25% of past-due benefits.  (Doc. 20-2 at 3).  The above amount of past-due benefits, represented in the Plaintiff's motion, is based on the withheld amount.

approved administrative fees of $17,018.75. The Commissioner does not oppose this amount, nor has the Commissioner objected to the motion's timeliness.[3]

## II.   DISCUSSION

### A. Standard for Fees under § 406(b)

Pursuant to § 406(b), "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."   42 U.S.C. § 406(b)(1)(A).   "In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."   *Id.*   Attorneys' fees may be awarded pursuant to this subsection "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."   *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).   While § 406(b) controls awards for representation before a court, 42 U.S.C. § 406(a) controls fees for representation before the Commissioner.   The circuits are split on whether there is a combined 25% cap on fees awarded pursuant to § 406(a) and § 406(b) or whether the 25% limit only applies to fees awarded pursuant to § 406(b).   *See Clark v. Astrue*, 529 F.3d 1211, 1214-15 (9th Cir.

---

[3] Pursuant to M.D. Ga. L.R. 9.4, motions for attorneys' fees under 42 U.S.C. §§ 406(b) or 1383(d)(2) must be filed no later than 30 days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorneys' fees.   The letter from the Social Security Administration is dated April 4, 2012.   (Doc. 20-2 at 1). The motion was filed on December 17, 2013, over a year after the letter was received.   Nevertheless, the Court considers the motion because the Commissioner has not objected to its timeliness.   Though the Commissioner has no financial stake, she is akin to a trustee for the Plaintiff.   *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

2008) (denoting split).  In *Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970), the Fifth

Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees

greater than twenty-five percent of the past due benefits received by the claimant."  *Id.*

at 1195.[4]  Thus, it remains the law in this circuit that fees awarded pursuant to § 406(a)-

(b) for representation before the Commissioner and the court may not exceed the 25%

limit.  *See Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674 (11th Cir. 2013).

　　　　In many cases, attorneys' fees will also be available under the EAJA, which

permits a prevailing party in a civil action brought by or against the United States to be

awarded fees and other expenses payable by the United States unless the

government's position was "substantially justified" or "special circumstances make an

award unjust."  28 U.S.C. § 2412(d)(1)(A).  If the case is remanded, counsel may obtain

an EAJA fee award before knowing whether § 406(b) fees will be available after

remand.  "Congress harmonized fees payable by the Government under EAJA with fees

payable under § 406(b) out of the claimant's past-due Social Security benefits in this

manner: Fee awards may be made under both prescriptions, but the claimant's attorney

must refun[d] to the claimant the amount of the smaller fee."  *Gisbrecht v. Barnhart*, 535

U.S. 789, 796 (2002) (alteration in original) (internal quotation marks and citation

omitted).  In lieu of the attorney refunding the smaller fee, the attorney may request an

award under § 406(b) be reduced by the amount of an earlier EAJA award.  *Jackson v.*

*Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

　　　　Section 406(b) does not displace contingent-fee agreements between attorneys

and Social Security claimants.  *Gisbrecht*, 535 U.S. at 807.  Such agreements, however,

---

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

may not exceed 25% of the past-due benefits awarded, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* To determine the reasonableness of the fee requested, courts may request the attorney submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. Though the Supreme Court did not provide a list of factors for courts to consider, they did cite with approval cases in which courts reduced the fee requested "based on the character of the representation and the results the representative achieved," such as if the attorney was responsible for delay or if the benefits received were large compared to the amount of time spent on the case. *Id.*

### B.  Reasonableness of Fee Requested

Plaintiff George Brown and attorney Charles L. Martin entered into a fee agreement whereby the Plaintiff agreed to pay his attorney "25% of all back benefits paid me and my family for your work done in court … ." (Doc. 20-3). The total time spent on the case for representation in this Court was 28.55 hours, of which 6.95 hours are attributed to work done by Martin and 21.60 hours are attributed to work done by attorney Perrie H. Naides. (Doc. 20-5 at ¶ 1, 4). Martin states that his normal billing rate for non-contingent fee Social Security cases is $375.00 per hour. (Doc. 20-5 at ¶ 5). He also avers that since 1985 at least 90% of his practice has been in the area of Social Security law. (Doc. 20-5 at ¶ 4). Naides is also experienced in Social Security law, concentrating one-fourth of her practice in that area as an attorney for Legal Services Corporation of Iowa before becoming a professor of legal analysis and writing. (Doc. 16-4 at ¶¶ 2, 3). Because the Plaintiff's claim for benefits was initially denied, it is

unlikely he would have been successful without the attorneys' efforts in this Court.  As discussed above, these efforts resulted in back benefits of approximately $123,845.92. There is no indication the attorneys were responsible for undue delay, and the fee is not so large as to be an unreasonable windfall.  Therefore, the Court concludes the requested fee of $13,942.73 is reasonable.

### III.   CONCLUSION

The Plaintiff's motion for attorneys' fees (Doc. 20) is **GRANTED**.  The Court affirms the award of $13,942.73 for services before the Court.  Counsel is **DIRECTED** to refund to the Plaintiff the Court's prior award of $5,004.38 in attorneys' fees pursuant to the EAJA.

**SO ORDERED,** this 31st day of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT